UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAWN SPAIN,

        Plaintiff,

v.

TRANSPORTATION SECURITY
ADMINISTRATION,

        Defendant.

Civil Action No.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a), 1442(a)(1), Defendant, Transportation Security Administration (TSA), respectfully files this Notice of Removal from the Trial Court of Massachusetts Small Claims Session, Quincy District Court, to the United States District Court for the District of Massachusetts.[1] In support of this Notice of Removal, the TSA states as follows:

**I.    BACKGROUND**

1. On October 21, 2021, *pro se* Plaintiff Dawn Spain filed this lawsuit against the TSA in the Trial Court of Massachusetts Small Claims Session, Quincy District Court, captioned *Dawn Spain v. Transportation Security Administration*, No. 2156SC002689. A true and correct copy of the complaint is attached hereto as Exhibit A. In addition, a copy of the state court docket is attached hereto as Exhibit B.

---

[1] By filing this Notice of Removal, the TSA reserves all rights and waive none, including the right to challenge the complaint on any grounds.

2.      Although the Statement of Small Claim was filed on October 21, 2021, it does not appear that a notice of hearing was sent to the parties until February 3, 2022[2], *see* Exhibit B, nor was the TSA served with process.

## II.     ALLEGATIONS

3.      Plaintiff claims that on June 29, 2019, her luggage was damaged and items inside her luggage were broken.  *See* Exhibit A.  As a result, Plaintiff claims that the TSA owes her $3,100 in damages.  *Id*.

## III.    GROUNDS FOR REMOVAL

4.      This action is removable pursuant to the federal officer removal statute, which authorizes "[t]he United States or any agency thereof" to remove a civil action "that is commenced in a State court and that is against or directed to" it.  28 U.S.C. § 1442(a)(1)[3].  This statute also permits "any officer (or any person acting under that officer) of the United States or of any agency thereof" to remove such an action so long as it is "for or relat[es] to any act under color of such office."  *Id.*

5.      The TSA is an "agency" of the United States and may therefore remove the action to federal court.  *See* 49 U.S.C. § 114(a) ("The Transportation Security Administration shall be an administration of the Department of Homeland Security."); 28 U.S.C. § 451 (defining agency).

---

[2] Although the docket reflects notice to the parties was sent on December 3, 2021, for a hearing on February 2, 2022, it appears that the hearing was continued and a new hearing was set for March 30, 2022.  *See* Exhibit B.  Upon information and belief, the TSA only received notice of the March 30, 2022 hearing.

[3] The Federal Courts Improvement Act of 1996, 110 Stat. 3850, amended 28 U.S.C. § 1442 "to explicitly permit removal by the United States or by a federal agency itself, in addition to removal by an officer of an agency."  14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3726 (Rev. 4th ed. 2021).

6. Moreover, the Federal Tort Claims Act, 28 U.S.C. § 1346, provides that "the district courts … shall have exclusive jurisdiction on civil actions on claims against the United States, for money damages, … for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his officer or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

**IV.    COMPLIANCE WITH REMOVAL PROCEDURE**

7. The United States District Court for the District of Massachusetts embraces the location where the state court action is pending: the Trial Court of Massachusetts Small Claims Session, Quincy District Court, which is located in Massachusetts. 28 U.S.C. § 1442(a).

8. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

9. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon the TSA with respect to this action are attached hereto. *See* Exhibit A.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Quincy District Court, and written notice of the filing of this Notice of Removal will be given to Plaintiff.

11. Pursuant to Local Rule 81.1(a), the TSA will file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court within 28 days after filing this Notice for Removal.

WHEREFORE, the Defendant, TSA, hereby removes the action now pending in the Trial Court of Massachusetts Small Claims Session, Quincy District Court, to this Court and requests

that this Court accept this Notice of Removal for filing in accordance with the provisions of 28 U.S.C. §§ 1441(a), 1442(a).

        Respectfully submitted,

        RACHAEL S. ROLLINS
        United States Attorney

By:   */s/ Eve A. Piemonte*
       EVE A. PIEMONTE
       Assistant United States Attorney
       U.S. Attorney's Office
       1 Courthouse Way, Ste. 9200
       Boston, MA 02210
       (617) 748-3100
       Eve.Piemonte@usdoj.gov

Dated: March 3, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document was served by mail upon the Plaintiff at the following address:

Dawn Spain
9 Johns Avenue
Holbrook, MA 02343

        */s/ Eve A. Piemonte*
        EVE A. PIEMONTE
        Assistant U.S. Attorney

Dated: March 3, 2022